```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**WILLIS DODE EUBANKS**                                              PLAINTIFF

          v.          Civil No. 10-5005

**SGT. RANDY CLARK**, Centerton Police
Department; **OFFICER RON D. YOUSEY**,
Centerton Police Department; **SGT.
J. VAUGHN**, Benton County Detention
Center; **NURSE M. SMITH**, Benton
County Detention Center; **DEPUTY D.
LARKIN**, Benton County Detention
Center; **DETECTIVE CODY HARPER**,
Centerton Police Department; **DEPUTY
JEREMIAH COTTON**, Benton County
Detention Center; and **DR. HUSKINS**,
Benton County Detention Center                                       DEFENDANTS

### O R D E R

    Now on this 29th day of March, 2011, come on for consideration the following:

    \*    **Motion For Summary Judgment** of separate defendants City of Centerton, Arkansas; Sgt. Randy Clark; Det. Cody B. Harper; and Officer Ron D. Yousey (document #48);

    \*    **Report And Recommendation Of The Magistrate Judge** ("R&R") (document #100); and

    \*    **Separate Defendants' The City Of Centerton Objections To The Report And Recommendation Of The United States Magistrate Judge** (document #104),

and from said documents, the Court finds and orders as follows:

    1.    Plaintiff Willis Dode Eubanks ("Eubanks") contends that he was subjected to the use of excessive force and medical

neglect, both during an arrest by officers of the Centerton Police Department ("CPD") and during incarceration at the Benton County Detention Center ("BCDC").

Defendants City of Centerton, Arkansas ("Centerton"); Randy Clark ("Clark"); Cody B. Harper ("Harper"); and Ron D. Yousey ("Yousey") (collectively, the "Centerton Defendants") moved for summary judgment. The Magistrate Judge formulated a questionnaire to assist Eubanks in responding to this motion. Eubanks' response to this questionnaire was made under penalty of perjury.

Following receipt of Eubanks' response, the Magistrate Judge filed the R&R now under consideration.

2. The situation that led to Eubanks' claim arose as follows: Eubanks broke his arm during an altercation at his home on September 17, 2009. During the altercation, Eubanks stabbed his opponent, one Slinkard, and Eubanks himself was either pushed into a door frame, or fell against it, breaking his right arm. Eubanks and Slinkard both left the house and went to a nearby convenience store, where 911 was called. Various officers of CPD and Centerton Fire Department ("CFD") responded to the call.

Defendants Clark, Harper, and Yousey were among the CPD officers who responded to the call. Clark and Yousey arrested Eubanks and handcuffed him. Eubanks complained of pain in his right arm and said he thought it was broken. The handcuffs were removed, the arm was looked at by several EMTs from CFD, and the

handcuffs were replaced.  The excessive force claim against the Centerton Defendants relates to this use of handcuffs, which Eubanks contends caused him extreme pain from the broken arm.

Eubanks was then taken to BCDC, where he was booked in, and then interrogated by Harper.  Despite continuing complaints that his arm was broken and that it was hurting, neither Harper nor any agent of BCDC afforded Eubanks medical care until September 21, 2009.  On that date he was taken to Mercy Medical Center in Rogers, Arkansas, where an x-ray revealed a minimally comminuted[1] fracture of the distal right ulna[2], with posterior displacement of the distal ulnar fracture fragment.  The denial of medical care claim against the Centerton Defendants relates to their failure to obtain medical care for Eubanks' broken arm both during the arrest procedures and during interrogation by Harper after booking at BCDC.

3.    The R&R first addressed the contention of the Centerton Defendants that they had been sued in their official capacities only.  The Magistrate Judge found that the complaint should be construed as asserting official as well as individual capacity claims, and allowed Eubanks to amend his complaint to make this clear.

---

[1] According to Stedman's Medical Dictionary, 28th Ed., comminuted means "broken into several pieces."

[2] According to Stedman's Medical Dictionary, 28th ed., the ulna is the "larger of the two bones of the forearm."

There is no objection to this aspect of the R&R. The Motion For Summary Judgment pertained only to claims against the Centerton Defendants in their official capacities, and is in no way impacted by this amendment.

4. The Magistrate Judge noted that under **Monell v. Department of Social Services of City of New York**, **436 U.S. 658 (1978),** Centerton can be held liable only if one of its policies or customs caused a violation of Eubanks' rights. As explained in **Monell**,

> Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels. . . . "Congress included customs and usages [in § 1983] because of the persistent and widespread discriminatory practices of state officials . . . Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law."

**436 U.S. at 690-91** (internal citation omitted).

The Magistrate Judge found sufficient evidence of a custom or practice to withstand summary judgment in Eubanks' assertion that

-4-

such existed.[3]

With regard to the specific elements of the claims of excessive force and denial of medical care, the Magistrate Judge found that a genuine question of fact existed, i.e., whether the Centerton Defendants were aware that Eubanks' arm was broken and that he was in pain during the arrest. If they were, a finder of fact could conclude that the use of handcuffs constituted excessive force and that the Centerton Defendants denied Eubanks care for a serious medical need.

5.   The Centerton Defendants object that a municipality cannot be held liable on the basis of a single instance of constitutional violation by one who is not authorized to make policy for the municipality. It is undisputed that Clark, Yousey, and Harper are not policy-makers for Centerton.

While this objection is sound from a legal perspective, it misses the mark, inasmuch as the R&R was not grounded on the dictates of official policy but on an allegation of custom or practice.

6.   The Centerton Defendants also object that Eubanks offered no evidence, beyond his own assertions, that Centerton had

---

[3] Eubanks made the following statements in answering the questionnaire prepared to assist him in responding to the Motion for Summary Judgment: "I state that the City of Centerton Police Department has made it a common custom or practice within their department to handcuff (and usually behind the back) any and all suspects being placed under arrest with no regard and or consideration for the suspects [sic] injuries" and "I state that by the C.P.D. making it their common practice and or customs for their detectives that are investagating [sic] an incident to not assist a suspect in questioning with needed medical assistance that the suspects [sic] requests and or needs was and is the moving force behind the violation within part of my federal constitional [sic] rights."

a custom or practice of handcuffing all arrestees, regardless of their injuries, or of denying needed medical care.

In support of their Motion For Summary Judgment, the Centerton defendants attached portions of the Centerton Police Department Policy and Procedures Manual (the "Policy"). One such portion is entitled "Arrest Procedures," which states, in section 5(b)(1), that "[m]ost arrests can be made simply by communicating verbally with the person to be arrested that he/she is under arrest. It is unnecessary to apply any physical force or to touch the body in this type of arrest situation unless the person arrested needs to be handcuffed." (Nothing in the portions of the Policy produced to the Court states when a person "needs to be handcuffed").

The Centerton Defendants also offered the Affidavit of Lance Johnson ("Johnson"), Chief of Police for the Centerton Police Department, who was acting Chief of Police on the date of the incident. Johnson averred that all CPD officers were given a copy of the Policy and were trained on "how to avoid the use of excessive force when effectuating an arrest."

The Centerton Defendants point out that Eubanks alleges a single instance of the use of excessive force, and that a single deviation from established policy is insufficient to prove a custom or practice, citing **Williams-El v. Johnson, 872 F.2d 224 (8th Cir. 1989).**

-6-

7. Eubanks, for his part, offers his statement that CPD had a "custom or practice within their department to handcuff (and usually behind the back) any and all suspects being placed under arrest with no regard and or consideration for the suspects [sic] injuries."

Eubanks also asserts that he was "the one that called 911 and requested police and medical assistance," and that Yousey, Clark, and other members of CPD and CFD answered the call. Eubanks states that he was compliant at all times during his arrest. He states "I was submitting myself to be placed under arrest peacefully by Sgt. Clark." Notwithstanding these circumstances, he states that Clark "twisted my broken arm behind my back, lifted up on it with unnecessary force and then handcuffed it behind my back after I informed Clark that my right arm was broken and requested medical treatment." He states that Yousey "re-handcuffed my broken arm after I informed him repeatedly of my injuries."

8. Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States, 31 F.3d 696 (8th Cir. 1994).** Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is

susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995).** The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

    9. When the foregoing precepts are applied to the case at bar, the Court finds that Eubanks has made out a submissible case on his official capacity claim of excessive force against Yousey and Clark. To the extent his testimony is found credible by a finder of fact, it would suggest that Yousey and Clark -- in the presence of multiple responders from CPD and CFD -- repeatedly handcuffed an unresisting suspect who was complaining of a broken arm. The inference favorable to Eubanks that can be drawn from this circumstance is that such was an acceptable occurrence, in spite of the Policy, which would call for different treatment.

    10. Eubanks' official capacity claim against Yousey and Clark for denial of medical care arises under the Eighth Amendment, which prohibits cruel and unusual punishment, and which has been held to apply to pretrial detainees as well as convicted inmates in analyzing claims that prison officials failed to provide needed medical care. **Butler v. Fletcher**, **465 F.3d 340 (8th**

**Cir. 2006).**

In analyzing Eighth Amendment claims, the proper standard to be applied is that of deliberate indifference to serious medical needs. The deliberate indifference standard has two components. The objective component requires proof that Eubanks had a medical need that created a substantial risk of serious harm. The subjective component requires proof that a defendant actually knew of and recklessly disregarded this substantial risk of serious harm. *Id.*

11. In support of their Motion For Summary Judgment, the Centerton Defendants offered section 42(a) of the Policy, which provides that "[p]ersons who are taken into custody with visible injuries or convincing complaints of an injury shall be provided with professional medical care prior to incarceration." They rely on various affidavits to the effect that Eubanks' injuries did not appear to be serious, that they had no "actual knowledge" that his arm was broken, and that he refused medical treatment.

12. The evidence favorable to Eubanks on this issue shows that he complained repeatedly about pain in his lower arm, near the wrist, and that he had been in a violent altercation shortly before the police arrived. The Affidavits of Clark; Yousey, Harper; Jeff Coffelt (Centerton Fire Chief and an EMT); Randy Gulley, (CFD volunteer and EMT); and Paul Higginbotham (CFD volunteer and EMT) all indicate that Eubanks complained repeatedly

that his arm was hurting and that he thought it was broken.

Moreover, despite the assertions and averments of all CPD and CFD witnesses that they did not have "actual knowledge" that Eubanks' arm was broken, there was evidence from which a finder of fact could conclude that they ignored objective indications that it was broken.  Randy Gully averred in his Affidavit that due to Eubanks' complaints that his wrist hurt he had "an officer of the Centerton Police Department look at his wrists to ensure that the handcuffs were not too tight," and that CPD "confirmed that Eubanks' handcuffs were not too tight," thus eliminating tight handcuffs -- the most obvious non-serious cause -- as the reason for Eubanks' pain.  Paul Higginbotham averred that he told Eubanks "I cannot tell you if your arm is broken or not.  It looks like it is bruised, but I do not know for sure."  This averment indicates that at least one EMT at the scene had questions in his mind about the status of Eubanks' arm.

13.  The Court finds that Eubanks has made out a submissible case on his official capacity claim of denial of medical care against Clark and Yousey.  All the responders present appear to have been aware of Eubanks' claim that his arm was broken.  None of them had witnessed the altercation in which the injury occurred, but it was obviously violent, resulting in a stabbing.  The obvious source of Eubanks' pain -- too-tight handcuffs -- was ruled out.  Moreover, the finder of fact could well find it more

credible that Eubanks requested medical care, given that his arm was indeed broken, than that he refused it.

To the extent Eubanks is found credible by the finder of fact, it would support a finding that no one in the group of multiple responders found anything unusual in the failure to transport a suspect complaining of a broken arm, even after the most obvious cause of his pain had been eliminated. The inference favorable to Eubanks that can be drawn from this circumstance is that such was an acceptable occurrence, in spite of the Policy, which would call for different treatment.

14. The Centerton Defendants also object that a claim of denial of medical care against Harper cannot be predicated on any failure to obtain medical care for Eubanks after Eubanks was booked into BCDC. The argument they make is that after booking, Eubanks was in the custody of BCDC, not Centerton or Harper, and they no longer had any duty to provide medical care. No authority is cited in support of this objection, and it will be overruled on that basis.

15. Harper also argues that he cannot be held liable individually for any denial of medical care, because at most, his conduct amounted to negligence, which will not support a claim under **§ 1983.** While he is correct in his statement of the law, Eubanks has offered evidence -- his own statement -- that Harper told him he would receive medical care if he gave satisfactory

answers during an interrogation. This objection will be overruled.

16. Harper also objects that he did not violate CPD Policy by any failure to provide medical care during his interrogation of Eubanks because the Policy calls for CPD officers to provide medical care ***"prior to incarceration."*** (Emphasis in Harper's brief.) While this may be true, it does not exonerate Harper from liability, and this objection will be overruled.

17. Harper also contends that to the extent he is sued in his individual capacity, he is entitled to qualified immunity for any denial of medical care to Eubanks after Eubanks was booked into BCDC, because "Plaintiff was clearly in the control and supervision of the Benton County Jail." As with Centerton's contention to this effect, no authority is cited in support, and in the absence of such, this objection will be overruled.

18. The Centerton Defendants also object that they were not permitted time under Local Rule 7.2(b) to file a reply to Eubanks' response to their Motion For Summary Judgment. That rule allows a party moving for summary judgment seven days to file a reply brief after a response has been filed.

The Court does not find any prejudice to the Centerton Defendants in this circumstance. Their Objections to the R&R have fully set out their legal position, so that no potential arguments were foreclosed. This Objection is without merit, and will be

overruled.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #100) is **adopted in toto**, and **Separate Defendants' The City Of Centerton Objections To The Report And Recommendation Of The United States Magistrate Judge** (document #104) are **overruled**.

**IT IS FURTHER ORDERED** that the **Motion For Summary Judgment** of separate defendants City of Centerton, Arkansas; Sgt. Randy Clark; Det. Cody B. Harper; and Officer Ron D. Yousey (document #48) is **denied**.

**IT IS FURTHER ORDERED** that this matter is **remanded** to Magistrate Judge Erin L. Setser for further proceedings.

**IT IS SO ORDERED.**

                                      /s/ Jimm Larry Hendren
                                      **JIMM LARRY HENDREN**
                                      **UNITED STATES DISTRICT JUDGE**